86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alfredo F. PASCASIO, Sr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3174.
 United States Court of Appeals, Federal Circuit.
 June 12, 1996.
 
 Before ARCHER, Chief Judge, RICH, Circuit Judge, and SMITH, Senior Circuit Judge.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Alfredo F. Pascasio petitions for review of the decision of the Merit Systems Protection Board, Docket Number SE-0831-94-0649-I-1, affirming the decision, on reconsideration, of the Office of Personnel Management that he was not entitled to an annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. §§ 8331-52 (1994). We affirm.
 
 DISCUSSION
 
 2
 In order to be entitled to an annuity under the CSRA, Mr. Pascasio must have, at a minimum, five years of creditable service and one year of service in the final two years of his employment which is covered by the CSRA. Rosete v. Office of Personnel Management, 48 F.3d 514, 516 (Fed.Cir.1995). Between 1976 and 1992, Mr. Pascasio served in various temporary or otherwise short term positions with the Department of the Navy in Subic Bay, the Phillipines. Specifically, he worked in a variety of capacities for the Navy Exchange, a non-appropriated fund instrumentality, and the Naval Supply Depot. The board found that Mr. Pascasio's service with the Naval Exchange was not creditable and that the remainder of his service was not a covered by the CSRA. Therefore, it concluded that he was not entitled to an annuity.
 
 
 3
 We must affirm a decision of the board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 4
 Unlike most federal service, service with a non-appropriated fund instrumentality is generally not creditable service, unless certain requirements of 5 U.S.C. § 8332(b)(16) are met. Dupo v. Office of Personnel Management, 69 F.3d 1125, 1128 (Fed.Cir.1995). The board determined that, during his period of employment at the Naval Exchange, Mr. Pascasio was paid out of non-appropriated funds and that none of the requirements of § 8332(b)(16) were met. Mr. Pascasio has failed to produce any evidence to the contrary. Accordingly, the board's determination that Mr. Pascasio's service with the Naval Exchange is not creditable service is not arbitrary, capricious, an abuse of discretion or unsupported by substantial evidence.
 
 
 5
 Covered service for purposes of the CSRA does not include temporary or indefinite positions. Rosete, 48 F.3d at 516-17. In addition, service for which employees do not deposit part of their pay into the Civil Service Retirement and Disability Fund is not covered service. Id. at 516. The board found that the majority of Mr. Pascasio's service was temporary and was, thus, not covered service. To the extent that it could not determine the nature of the remainder of Mr. Pascasio's service, it determined that Mr. Pascasio was neither subject to nor making payments to the CSRA during his employment with the Navy and that his service was not covered for that reason as well. Mr. Pascasio has failed to adduce any evidence showing that retirement deductions were taken from his salary or that he was employed in a non-temporary position for the requisite amount of time. As a result, the board's determination that Mr. Pascasio's service was not covered service is not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence.